Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4873 | **DATE** | 11/1/2000 |
| **CASE TITLE** | Lamb vs. Knop | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the foregoing reasons, the Court DENIES Petitioner Lamb's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254, with prejudice, and this case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 02 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 22 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TP | courtroom deputy's initials | FILED FOR DOCKETING 00 NOV -1 PM 5: 10 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GREGORY LAMB, <br><br> Petitioner, <br><br> v. <br><br> GARY KNOP, Warden, <br><br> Respondent. | No. 99 C 4873 <br><br> HON. JOHN A. NORDBERG |

## MEMORANDUM OPINION AND ORDER

Petitioner Gregory Lamb was convicted of two counts of aggravated battery in Illinois state court. Lamb unsuccessfully challenged this conviction on direct appeal and in a state post-conviction action. Lamb has now filed a *pro se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this court.

## BACKGROUND

On April 4, 1994, Lamb, an inmate in the maximum security wing of Cook County Jail, attacked two correctional officers; he badly gouged the eye of one with a weapon and broke the finger of the other. At his jury trial in the Circuit Court of Cook County, Illinois, Lamb elected to represent himself, with stand-by counsel available. On September 28, 1995, the jury convicted him of two counts of aggravated battery on a peace officer, and he was sentenced to consecutive ten and eight year terms of imprisonment.

Lamb appealed the conviction, raising the following issues: (1) that his waiver of counsel was invalid because he was not informed of the minimum and maximum sentences and the possibility of consecutive sentences, as required by Illinois Supreme Court Rule 401; and (2) that

the trial court erred in imposing consecutive sentences because the assaults were a single course of conduct. The Illinois Appellate Court affirmed Lamb's conviction on January 26, 1998 in an unpublished order. ("Appellate Decision #1".) The Illinois Supreme Court declined review.

Lamb then filed a *pro se* petition for post-conviction relief in state court. While his petition is very difficult to follow, the petition appears to claim: (1) that the trial court erred in not complying with Illinois Supreme Court Rule 401; (2) that the trial court erred in enhancing his sentence, admitting irrelevant prosecution evidence, and improperly excluding Lamb's evidence; (3) that Dr. Matar perjured himself at trial; (4) that the trial court failed to consider that he had previous difficulties with the correctional officers and had filed grievances; and (5) that the trial court erred in seeking to appoint an attorney that Lamb had filed an ARDC complaint against to represent him. The trial court dismissed the petition as frivolous. The Illinois Appellate Court, without discussion, affirmed the trial court in an unpublished order on July 12, 1999. ("Appellate Decision #2".) Review before the Illinois Supreme Court was not sought.

Lamb's habeas petition raises essentially the same claims as his state post-conviction petition: (1) that the trial court did not comply with Supreme Court Rule 401(a); (2) that the trial court erred in enhancing his sentence and allowing the State to introduce irrelevant and prejudicial evidence; (3) that the trial court erred in excluding Lamb's evidence; (4) that Dr. Matar had committed perjury; and (5) that the trial court failed to consider that Lamb had previously complained about the officers to prison authorities. The Respondent answered that the claims had been procedurally defaulted and were meritless. Lamb did not file a supporting memoranda, but submitted a portion of his trial transcript and jail/medical records. He also filed a very brief reply to Respondent's answer.

2

## LEGAL STANDARDS

Through the mechanism of habeas corpus, a federal court may vacate a state prisoner's conviction or sentence where that prisoner is being held in violation of the United States Constitution or other federal laws or treaties. *See* 28 U.S.C. § 2254; *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997). A federal court may grant a prisoner's § 2254 petition if the state court "adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or - (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented...." 28 U.S.C. § 2254(d). Determinations of factual issues made by the state court are presumed to be correct; the petitioner has the burden of rebutting them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The U.S. Supreme Court only recently addressed the new standard.

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id.* at 1522. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of the clearly established federal law was objectively unreasonable." *Id.* at 1521 (rejecting the "all reasonable jurists" standard). The Supreme Court's formulation does not appear to be significantly different than the formulation the Seventh Circuit has developed in its

3

AEDPA cases. *See, e.g., Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999) ( "[T]he 'criterion for assessing the reasonableness of a state court's application of Supreme Court case law, pursuant to §2254(d)(1), is whether the determination is at least minimally consistent with the facts and circumstances of the case.'" )(quoting *Sweeney v. Park*, 113 F.3d 716, 718 (7th Cir. 1997)); *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir.), *cert. denied*, 522 U.S. 907 (1997)("The statutory 'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes"). As Judge Evans succinctly put it "[t]he upshot of all this is that federal review is now severely restricted; the fact that we may think certain things could have been handled better by the state trial judge or by the prosecuting attorney or by a state reviewing court means very little." *Sanchez*, 189 F.3d at 623.

A federal court may not review the merits of claims raised in a § 2254 petition unless the petitioner has (1) exhausted all the remedies available to him in state court; and (2) fairly presented his federal claims in state court first. *McGowan*, 109 F.3d at 1172. To exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999). In Illinois, the claims must be presented through both levels of the two-tiered appellate process, which includes a petition for review by the Illinois Supreme Court. *Id.* at 1732-33 (failure to do so results in a procedural default). In sum, a petitioner can procedurally default a claim by completely failing to raise the claim in the state court system or where the state court has declined to address the merits of the claim because of petitioner's failure to comply with a state procedural rule or where petitioner failed to properly appeal his claim in the state court system. *See U.S. ex rel. Johnson v. Tally*, 47 F. Supp. 2d 943,

947 (N.D. Ill. 1999). If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for and actual prejudice from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir.1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). The fundamental miscarriage of justice exception requires a claim that the petitioner be actually innocent of the crime. *Id.* at 1212.

While *pro se* pleadings are construed liberally, the petitioner "must at least briefly summarize the facts in support of each claim for relief." *Etienne v. Weber*, No. 97 C 5647, 1999 WL 417354 at *3 (N.D. Ill. June 16, 1999). Section 2254 and Rule 2(c) do not require federal courts to winnow through the entire state court record to ascertain whether there are any facts which could support habeas relief. *Tally*, 47 F. Supp. 2d at 953-4. *See also U.S. ex rel. Reed v. Clark*, No. 99 C 1612, 2000 WL 765094 at *13 (N.D. Ill. June 12, 2000); *U.S. ex rel. Anderson v. Chrans*, No. 99 C 5400, 1999 WL 1046412 at *4 (N.D. Ill. Nov. 5, 1999). The petitioner is required to state facts that indicate a genuine possibility of constitutional error. *Tally*, 47 F. Supp.2d at 953-4. (notice pleading inadequate.) This approach appears consistent with the more general rule that a court need not address arguments that are undeveloped. *See United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999).

## DISCUSSION

### A. Procedural Default

The court is foreclosed from reviewing Petitioner's claims (2) through (5). Petitioner did not raise these claims until his state post-conviction action, which was dismissed as frivolous. While the state decision does not provide the basis for its holding, it was most likely based on

5

Illinois' strictly enforced rules of waiver and res judicata. *See generally Gornick v. Greer*, 819 F.2d 160, 161 (7th Cir. 1987). Significantly, Petitioner failed to seek review of his state post-conviction action before the Illinois Supreme Court.[1] The necessary consequence of this failure is procedural default. *See O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-3 (1999). Moreover, as noted by the Respondent, Petitioner has not attempted to establish cause and prejudice for the default nor attempted to show a fundamental miscarriage of justice.[2]

**B. Waiver of Counsel Claim**

Plaintiff's remaining claim consists of the following, in its entirety, "Whether the defendants complied with [Illinois] Supreme Court Rule 401(a)." There are two obvious shortcomings to this claim.

First, it is stated as a claim under state law. Habeas relief is not available for pure errors of state law. *Kurzawa v. Jordan*, 146 F.3d 435, 439 (7th Cir. 1998). Second, it is completely undeveloped. Petitioner refers to no facts nor cites any law, and he provides not the barest clue as to why he is entitled to habeas relief under the AEDPA standards. Instead, Petitioner seems to be inviting the court to translate his "statement" into a claim cognizable in federal habeas and then winnow through the record looking for possible support for it. While pro se pleadings are

---

[1] In his reply, Petitioner claims that he did seek review before the Illinois Supreme Court. However, he appears to be referring to his direct appeal rather than his post-conviction action.

[2] Respondent does not argue procedural default for Petitioner's first claim. However, as his brief to the state court argued only terms of a violation of Rule 401, its debatable whether he fairly presented the issue as a constitutional claim to the state courts. *Compare U.S. ex rel. Jenkins v. Dobucki*, 12 F.Supp.2d 827, 829 n.1 (N.D. Ill. 1998) *with U.S. ex rel. Nieves v. O'Leary*, 606 F.Supp. 1478, 1482 (N.D. Ill. 1985).

construed liberally, in this case, the Petitioner has completely shirked his burden of showing an entitlement to relief. This alone warrants dismissing the petition.

Respondent does, however, translate Petitioner's statement into a federal claim for him — that Petitioner's waiver of counsel was not knowing and intelligent because he was not informed of the possible maximum sentence or the possibility of consecutive or extended sentences. Nonetheless, Respondent maintains that the Illinois Appellate Court correctly addressed and rejected this claim.

The Supreme Court has held that a criminal defendant has a right of self-representation and may waive the assistance of counsel. *Faretta v. California*, 422 U.S. 806 (1975). For a waiver of counsel to be valid, however, the defendant must make the waiver "knowingly and intelligently." *Id.* at 835. The defendant must "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* (internal cite omitted). In *Faretta*, the factors that the Court noted in concluding that the defendant's waiver of counsel should have been honored included (1) that Faretta was literate, competent, and understanding, (2) that he was warned that it was a mistake to represent himself, and (3) that he was warned that he would be required to follow the rules of trial procedure. *Id.* at 835-6. "The determination of whether there has been an intelligent waiver of counsel must depend, in each case, upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

While most of the Illinois Appellate Court decision focused on the mechanics of Rule 401, the court also analyzed whether the waiver was knowing and voluntary. The court concluded the

7

waiver was valid, noting the following factors: (1) that the trial court read the charges to the Petitioner; (2) that the trial court admonished the Petitioner that proceeding without counsel was unwise; (3) that the trial court notified Petitioner that he would have to follow all procedural rules; (4) that the Petitioner was articulate and able to present argument and cross-examine witnesses; (5) that the Petitioner was no stranger to criminal proceedings; and (6) that the Petitioner had the benefit of stand-by counsel for the entire proceeding. (Appellate Decision #1 at 8-9.) As correctly noted by the Respondent, Petitioner has offered no argument that the Illinois court's decision is in any way unreasonable or contrary to controlling Supreme Court precedent.

For the sake of completeness, we note that the Supreme Court stated in one case that a defendant should be notified of a host of issues, including the possible maximum punishment, before a waiver of counsel is accepted. *See Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948). Significantly, the *Von Moltke* decision was a plurality opinion that involved a wartime espionage case and egregious facts. Moreover, the case does not appear to have established a per se requirement that a state court must notify a criminal defendant of the maximum punishment before the defendant can validly waive counsel. *See Spanbauer v. Burke*, 374 F.2d 67, 72-74 (7th Cir. 1966); *Cox v. Burke*, 361 F.2d 183, 186 (7th Cir. 1966); *Jenkins*, 12 F.Supp.2d at 829; *U.S. ex rel. Coleman v. Greer*, No. 87 C 4285, 1990 WL 119557 at * 3 (N.D. Ill. Aug. 14, 1990); *Nieves*, 606 F.Supp. at 1483.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner Lamb's Petition for a Writ of Habeas of Corpus pursuant to 28 U.S.C. § 2254, with prejudice, and this case is terminated. If Lamb wishes to appeal the denial of his habeas petition, he must file a Notice of Appeal to the

United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of judgment in this case. Any appeal of the habeas petition should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).

**ENTER:**

_____
John A. Nordberg
Senior United States District Judge

Dated: November 1, 2000